Pearson, J.
 

 We think his Honor erred. Admit there was a cause of action upon the covenant; admit also, that to “settle with him” meant to pay the value of the land, as to which the title was defective, (about both of which propositions we have serious doubts ;) this was a promise to do
 
 precisely
 
 what the covenant bound him to do. A promise, made
 
 after
 
 a covenant, is merged, upon the same ground, that a promise, made
 
 before,
 
 is merged, when the promise and the covenant are
 
 precisely
 
 the same ; because the
 
 covenant,
 
 being
 
 a deed,
 
 is the surest and highest evidence.
 

 
 *372
 
 An obligor promises the obligee to pay the amount of a bond, if the obligee will forbear to sue. No action lies upon the promise, because it is merged in the bond, being a promise to do precisely the same thing, which his bond obliges him to do.
 

 In
 
 Wilson
 
 v.
 
 Murphy,
 
 3 Dev. 352, there was a covenant in the lease, that the lessor would pay for all the necessary rails made and put on the fence, at the price of fifty cents per hundred. The parties had a settlement, ascertained the number of rails, and the amount due for them, at fifty cents per hundred, and the defendant (the lessor) promised to pay the amount. In an action on the promise, it was decided against the plaintiff, because the action ought to have been on the covenant; and the opinion states, that no case can be found, in which, the performance of a duty being secured by deed, and the deed remaining in full force, an action was maintained upon a promise to perform the duty ; for, precisely the same evidence will support both actions, and for the certainty of the contract, the
 
 specialty
 
 ought to be taken rather than the verbal agreement. No action will lie on a promise merged in the existing deed, for the same reason, that it will not lie on a promise merged in a deed or judgment subsequently taken for the same debt.
 

 It is true, in this case, there was a new consideration, the forbearance ; but there was already a sufficient consideration, and the new consideration was merely sur-plusage, unless the promise was to do a thing, not already provided for by the covenant — as if the amount of damage had been fixed at a certain sum, to be paid at a certain time ; in which case the promise would have been to do a thing not precisely provided for by the deed. In the case of
 
 Wilson
 
 v. Murphy, if the covenant had been to pay for the necessary rails,
 
 no price being fixed,
 
 and the. parties had agreed upon the number and price, an action would have been maintainable upon the promise, for the
 
 *373
 
 promise fixed the price, which was not provided for by the covenant.
 

 In this case, the promise is to do “what is right and to settle.” Nothing is fixed. All is left
 
 precisely,
 
 as- pro*-vided for by the general words, of the covenant.
 

 Per Cüriam. A
 
 venire de novo
 
 awarded.